Case 1:21-cr-20184-DPG Document 1 Entered on FLSD Docket 03/26/2021 Page 1 of 7

FILED BY YH D.C.

Mar 25, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **21-20184-CR-GAYLES/TORRES**

16 U.S.C. § 3372(a)(1)
16 U.S.C. § 3372(d)
16 U.S.C. § 3373(d)(1)(A)
16 U.S.C. § 3373(d)(3)(A)(i)
18 U.S.C. § 2

**UNITED STATES OF AMERICA**

vs.

**ERIK D. KEYSTER,**

                Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to the Indictment:

1. The Lacey Act, Title 16, United States Code, Section 3371(a)(1), in relevant part, makes it unlawful for a person to knowingly import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken, possessed, transported, or sold in violation of any law, treaty, or regulation of the United States.

2. The Lacey Act, Title 16, United States Code, Section 3371 *et seq.*, makes it unlawful for a person to knowingly make or submit any false record, account, or label for, or any false identification of, any fish or wildlife that has been or is intended to be imported, transported, purchased, or received from any foreign country, or transported in interstate or foreign commerce. 16 U.S.C. §§ 3372(d), 3373(d)(3).

3. The term "import" for purposes of the Lacey Act means to land on, bring into or introduce into any place subject to the jurisdiction of the United States, whether or not such landing, bringing, or introduction constitutes an importation within the meaning of the customs laws of the United States. Title 16, United States Code, Section 3371(b).

4. In order to protect certain species of fish and wildlife against over-exploitation, the United States is a signatory to an international treaty known as the Convention on International Trade in Endangered Species of Wild Fauna and Flora, T.I.A.S. 8249, ("CITES"). A purpose of CITES is to monitor and restrict trade in certain species of fish, wildlife, and plants to protect them from commercial exploitation that might diminish the ability of the species to survive in the wild.

5. CITES classifies protected species in its Appendices. Appendix II includes all species "which although not necessarily now threatened with extinction may become so unless trade in specimens of such species is subject to strict regulation in order to avoid utilization incompatible with their survival." CITES, Art II(2)(a). To bring an Appendix II specimen into the United States, CITES, as implemented by federal regulations, requires that the importer obtain a valid export permit from the country of origin of the specimen, or a valid re-export certificate from the country of re-export. Title 50, Code of Federal Regulations, Section 23.20.

6. The Endangered Species Act ("ESA") makes it unlawful "for any person subject to the jurisdiction of the United States to engage in any trade in any specimens contrary to the provisions of [CITES]." Title 16, United States Code, Section 1538(c)(1).

7. To engage in any "trade" means to export, re-export, and import, and introduction from the sea. CITES, Art I (c). A specimen means "any animal... whether alive or dead" and "any readily recognizable part or derivative thereof." CITES, Art. I (b).

8. Four-Horned Chameleons (*Trioceros quadricornis*) and Cameroon Sailfin

Chameleons (*Trioceros montium*) are listed in Appendix II of CITES, and accordingly require valid CITES permits to be lawfully brought into the United States.

**<u>COUNT 1</u>**
**Illegal Import of Wildlife**
**16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(A)**

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about October 16, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**ERIK D. KEYSTER,**

did knowingly import, transport, sell, receive, acquire, and purchase wildlife, that is, Four-Horned Chameleons (*Trioceros quadricornis*) and Cameroon Sailfin Chameleons (*Trioceros montium*), knowing the wildlife was taken, possessed, transported, and sold in violation of a law, treaty, and regulation of the United States, that is, in violation of the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES), in that the defendant caused the importation of said wildlife without providing the required CITES Certificates from the country of origin, in violation of Title 16, United States Code, Section 1538(c)(1) and the regulations promulgated thereunder; in violation of Title 16, United States Code, Sections 3372(a)(1) and 3373(d)(1)(A) and Title 18, United States Code, Section 2.

## COUNT 2
### False Labelling
### 16 U.S.C. §§ 3372(d), 3373(d)(3)(A)(i)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about October 16, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**ERIK D. KEYSTER,**

did knowingly make and submit a false record, account, label for, and a false identification of wildlife, that is, multiple species of chameleons, including Four-Horned Chameleons (*Trioceros quadricornis*) and Cameroon Sailfin Chameleons (*Trioceros montium*), in that the defendant caused the delivery of invoices and declarations to the U.S. Fish & Wildlife Service which falsely identified the contents of the shipment as three different species other than the species actually contained in the shipment, said wildlife having been and intended to be imported from a foreign country; in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A)(i) and Title 18, United States Code, Section 2.

## COUNT 3
### False Labelling
### 16 U.S.C. §§ 3372(d), 3373(d)(3)(A)(i)

1. The General Allegations section of this Indictment is realleged and incorporated by reference as though fully set forth herein.

2. On or about November 1, 2019, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant,

**ERIK D. KEYSTER,**

did knowingly make and submit a false record, account, label for, and a false identification of wildlife, that is, multiple species of reptiles, including CB King Cobras Het Leucy (*Ophiophagus Hannah*) and other snakes and lizards, in that the defendant caused the delivery of invoices and declarations to the U.S. Fish & Wildlife Service which falsely valued the shipment at approximately $12,460.00 when in truth and in fact, as the defendant then knew, said wildlife was in fact valued at approximately $45,950.00, said wildlife having been and intended to be imported from a foreign country; in violation of Title 16, United States Code, Sections 3372(d) and 3373(d)(3)(A)(i) and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
Thomas A. Watts-FitzGerald
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

**ERIK D. KEYSTER**

_____Defendant._____/

CASE NO._____

### CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

| | | |
|---|---|---|
| New defendant(s) | Yes ____ | No ____ |
| Number of new defendants | ____ | |
| Total number of counts | ____ | |

**Court Division:** (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect  _____

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days       ✓
   - II   6 to 10 days      ___
   - III  11 to 20 days     ___
   - IV   21 to 60 days     ___
   - V    61 days and over  ___

   (Check only one)
   - Petty    ___
   - Minor    ___
   - Misdem.  ___
   - Felony   ✓

6. Has this case previously been filed in this District Court? (Yes or No)  No
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: 19-MJ-3901-Becerra
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?  Yes ___  No ✓

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  Yes ___  No ✓

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  Yes ___  No ✓

Thomas A. Watts-FitzGerald
ASSISTANT UNITED STATES ATTORNEY
FL Bar No. 0273538

*Penalty Sheet(s) attached

REV 6/5/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>ERIK D. KEYSTER</u>

**Case No:** _____

Count #: 1

<u>Illegal Trafficking in Wildlife</u>

<u>Title 16, United States Code, Section 3372(a)(1), 3373(d)(1)(A)</u>

\* **Max.Penalty:** Five (5) Years' Imprisonment

Count #s: 2-3

<u>False Labelling</u>

<u>Title 16, United States Code, Section 3372(d), 3373(d)(3)(A)(i)</u>

\* **Max.Penalty:** Five (5) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**